NOT DESIGNATED FOR PUBLICATION

No. 122,916

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGEL P. WHEELER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge Opinion filed July 23, 2021. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lance Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.


PER CURIAM:  Angel P. Wheeler appeals the district court's revocation of her probation and the imposition of a modified prison sentence. Wheeler admitted to violating the law many times while she was on probation, but she contends that the district court acted unreasonably and abused its discretion by revoking her probation.

Because Wheeler has failed to show that the district court abused its discretion, its decision to revoke her probation and impose a modified prison sentence is affirmed.

FACTUAL AND PROCEDURAL HISTORY

In June 2018, Wheeler pleaded guilty under a plea agreement to one count of possession of cocaine and three counts of interference with law enforcement. Finding Wheeler's criminal history score to be A, the district court sentenced Wheeler to 49 months in prison. The district court also followed the recommendation reached by the parties in the plea agreement and granted Wheeler's request for a downward dispositional departure to probation.

Just five months later, the district court issued a probation violation warrant alleging that Wheeler committed multiple new offenses and failed to notify her probation officer about her contact with law enforcement. Wheeler admitted to the violations; and the district court imposed a three-day jail sanction and extended her probation for 12 months.

Less than two weeks later, the district court issued another probation violation warrant alleging Wheeler committed aggravated assault and displayed assaultive behavior. Wheeler denied these allegations, and the district court held an evidentiary hearing on her probation violations. The district court ultimately found that Wheeler violated her probation by committing the alleged offenses. Rather than revoke probation and order Wheeler to serve her underlying sentence—which the district court had the discretion to do—the court ordered Wheeler to serve a 60-day jail sanction. See K.S.A. 2017 Supp. 22-3716 (c)(8)(A) (court may bypass intermediate sanctions if probationer commits a new crime while on probation).

About three weeks after the probation violation hearing, the district court issued another probation violation warrant alleging Wheeler committed new offenses and failed to report to her probation officer as directed. While that was pending, the district court ordered yet another warrant alleging even more offenses, including a violation of the

2

Kansas Offender Registration Act (KORA), robbery, fleeing and attempting to elude, battery on a law enforcement officer, and multiple other offenses.

Wheeler subsequently pleaded guilty to violating the KORA in case No. 19 CR 1514, and to felony battery on a law enforcement officer in case No. 19 CR 1515. The district court held a joint probation violation and sentencing hearing to address the probation violations and to impose Wheeler's sentences in 19 CR 1514 and 19 CR 1515.

Wheeler stipulated to violating the terms of probation by committing new crimes, and she waived a hearing on the other allegations. At the hearing, Wheeler's counsel stated that Wheeler's long history as a victim of domestic violence had significantly contributed to her struggles on probation. In addition, Wheeler's counsel stressed that mental health treatment and medication would be available to Wheeler if the court would allow her to continue probation. Wheeler told the court, "I just lost my husband . . . who was causing me most of my problems . . . ." She asked for a second chance to deal with the issues her attorney had presented to the court, and she said, "I don't think prison will make it better."

In revoking her probation, the court stated:

"We worked with you, gave you many opportunities when you were on probation to stay on probation. We hoped that it would work out. It didn't because of the additional violations that we have seen. And the most recent probation violation matter, which involved the case itself there were allegations of 17 violations. Some of them were very, very significant. Very significant violations. We can't ignore that. And that was at a time when you were on probation when these 17 violations occurred. There were two prior warrants that we dealt with. They totaled eight violations, including but not limited to a hit and run of an attended vehicle, aggravated assault, and assaultive-type behavior. And those took place[] in late 2018 and early 2019."

3

The court explained to Wheeler that she was "not amenable to probation because of the number of violations that we had despite the fact that we have tried to work with you." The court reiterated that the new offenses in 19 CR 1514 and 19 CR 1515 were "[v]ery significant violations" and that Wheeler received a "tremendous benefit" through her plea agreement. The court also noted that Wheeler received multiple opportunities to succeed on probation.

Wheeler's new convictions in 19 CR 1514 and 19 CR 1515 were the basis for the court finding Wheeler in violation of her probation. Ultimately, the district court revoked Wheeler's probation and imposed a modified prison sentencing, reducing the length of her sentence in this case from 49 months to 12 months. The district court also sentenced Wheeler to a controlling term of 70 months in prison for her new convictions in 19 CR 1514 and 19 CR 1515. Wheeler filed a notice of appeal.

ANALYSIS

A district court's decision to revoke probation involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination of the appropriate disposition given the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008). Because Wheeler stipulated that she violated her probation by committing new crimes, the only question before this court is whether the district court abused its discretion when it revoked her probation rather than imposing intermediate sanctions or extending her probation. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The burden is on Wheeler to show the district court abused its discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

4

Wheeler argues the district abused its discretion by revoking her probation because the district court could have continued, extended, or modified her probation to allow her the opportunity to benefit from mental health treatment or domestic violence recovery programs.

The district court's discretion to revoke Wheeler's probation was limited by the graduated sanction scheme outlined in K.S.A. 2017 Supp. 22-3716. But there are several exceptions under the statute that allow the court to revoke a defendant's probation even if it has not previously imposed the required graduated sanction. At least two of those exceptions apply here.

First, Wheeler's grant of probation resulted from a dispositional departure from a presumptive prison term. When Wheeler committed her underlying crimes in August 2017, the statute permitted the district court to bypass graduated sanctions if probation was granted as part of a dispositional departure. K.S.A 2017 Supp. 22-3716(c)(9)(B); see also *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020). It is unclear from the court's comments if it was relying on this exception in revoking Wheeler's probation, but it was allowed to under the statute.

Second, Wheeler committed a new crime while on probation. The statute permits the district court to revoke probation with no intermediate sanctions if the defendant commits a new crime while on probation. K.S.A 2017 Supp. 22-3716(c)(8)(A). The district court specifically noted that it was revoking Wheeler's probation based on her multiple probation violations and seriousness of the new crimes. The sentencing journal entries note that Wheeler has committed many misdemeanor and felony offenses since being placed on probation in October 2018. These included aggravated assault, escape, two instances of interference with a law enforcement officer, robbery, fleeing and eluding, battery on a law enforcement officer, two instances of driving on a suspended

5

license, two instances of driving without insurance, and violation of the offender registration act.

Wheeler has therefore failed to show that the district court's decision turned on any error of law or fact.

So the only remaining question is whether the district court's decision was arbitrary, fanciful, or unreasonable. Just because the district court could have imposed another sanction rather than revoke probation does not by itself show unreasonableness. Wheeler argues she could have received better treatment for her mental health issues outside prison. But as the court noted, it gave Wheeler multiple chances while on probation to adhere to the terms of her probation. The district court could have revoked her probation and imposed the sentence on Wheeler's first probation violation. Instead, the district court chose to impose a three-day jail sanction. The district court again could have revoked probation on Wheeler's second probation violation, but it imposed a 60-day jail sanction instead. Wheeler's third and final probation violations included "[v]ery significant violations" that showed repeated, unamenable, and violent behavior. The district court's decision was not unreasonable because the regularity and severity of Wheeler's violations and new crimes reasonably warranted revoking probation.

And finally, the district court did show leniency to Wheeler by modifying her sentence from 49 months to just 12 months. The sentencing journal entry notes that the court gave Wheeler credit for 363 days served, which would mean she was essentially given credit for completing her sentence in this case. She would not have been released to attend mental health treatment at that point even if she were returned to probation because she was sentenced at the same time in 19 CR 1514 and 19 CR 1515 to over five years in prison.

Affirmed.

6